UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SAYED TAWHED SADAT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:25-cv-00179 |
| | § | |
| KRISTI NOEM, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the Court is pro se Petitioner Sayed Tawhed Sadat's "Declaration." Dkt. Nos. 2, 9. Sadat alleges that he has been in immigration detention at the El Valle Detention Facility "for over six months" following an adverse credible fear determination and that, despite Immigration and Customs Enforcement's ("ICE") representations that his asylum claim would be reconsidered, Sadat remains in detention "without any indication of when or if [he] will be released." Dkt. No. 2 at 1. Sadat requests that the Court order his "immediate release from detention" to enable him to pursue his asylum claim outside of immigration custody. *Id.* at 2.

The Court cannot determine what relief, if any, Sadat is entitled to from the face of his Declaration. Because Sadat appears to challenge the legality of his civil immigration detention, his claim likely arises under habeas corpus. *See* 28 U.S.C. § 2241(c)(3) (authorizing district courts to grant writs of habeas corpus for prisoners in custody "in violation of the Constitution or laws or treaties of the United States[.]"); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (noting that § 2241 confers jurisdiction on the federal courts to review claims arising from post-removal period immigration detention);

*Vazquez Barrera v. Wolf*, 455 F. Supp. 3d 330, 336 (S.D. Tex. 2020) (Ellison, J.) ("Habeas corpus has been recognized as an appropriate vehicle through which noncitizens may challenge the fact of their civil immigration detention."). However, whether or to what extent Sadat is entitled to relief depends on the nature and stage of the underlying immigration proceedings among other factors which Sadat's Declaration, which is not in an approved standard form for asserting § 2241 habeas claims, does not sufficiently address.

The United States Supreme Court has made clear that for purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate custodian of the petitioner who has the ability to produce the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court notes that the proper respondent is the *custodial officer* of the facility at which Sadat is detained, here the El Valle Detention Facility in Raymondville, Texas. Dkt. No. 2 at 1.

Accordingly, the Court hereby **DIRECTS** the Clerk of Court to correct the docket to reflect Francisco Venegas – the Facility Administrator at the El Valle Detention Center – as the Respondent. If Venegas is no longer the custodial officer for the El Valle Detention Facility, the Government shall inform the Court of who is the proper respondent.

The Clerk is **ORDERED** to serve the Petition and this Order upon Francisco Venegas at the El Valle Detention Facility at 1800 Industrial Drive in Raymondville, Texas 78580 and the United States Attorney for the Southern District of Texas, Nicholas Ganjei at 1000 Louisiana, Ste. 2300, Houston, TX 77002.

Finally, the Clerk is **ORDERED** to send Sadat a copy of the AO 242 Form and this Order.

**Sadat** is **ORDERED** to **SUBMIT A COMPLETED COPY OF THE AO 242 FORM WITHIN 30 DAYS OF RECEIVING IT**. Upon receipt of Sadat's completed AO 242 Form, the Court will then issue an Order setting a schedule for briefing if one is required.

**SO ORDERED.**

**SIGNED** on this **15th** day of **August, 2025**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**