United States District Court
Southern District of Texas
**ENTERED**
January 13, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **SAYED TAWHED SADAT**, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. **1:25-cv-179** |
| **FRANCISCO VENEGAS**, in his official | § | |
| capacity, Warden of El Valle Detention | § | |
| Center, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the Court is Petitioner Sayed Tawhed Sadat's "Supplemental/Amended/Replacement Verified Petition for Writ of Habeas Corpus" (Sadat's "§ 2241 Petition"). Dkt. No. 30. Sadat, a citizen of Afghanistan, claims that his current detention pursuant to a final order of removal entered on February 7, 2025, violates the Immigration and Nationality Act ("INA"); the Fifth Amendment's Due Process Clause; and the Administrative Procedure Act. *Id*. at 1, 22–26. It does not plainly appear from the § 2241 Petition that Sadat is not entitled to the requested relief.

Sadat's allegations, taken together, suffice to raise genuine questions as to whether his continued detention violates federal law and the United States Constitution. Therefore, the Court must "forthwith award the writ [of habeas corpus] or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained," and must be returned within three days unless good cause exists to require additional time, not to exceed twenty days. *Id*.

The United States Supreme Court has made clear that for the purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate custodian of the petitioner with the ability to produce the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court, then, notes that the proper respondent is the custodial officer of the facility where Sadat is detained. *See id.*

Here, Sadat is held at the El Valle Detention Facility ("El Valle") in Los Fresnos, Texas. Dkt. No. 30 at 4. Sadat's custodian then, would appear to be the custodial officer of PIDC. *Rumsfeld v. Padilla*, 542 U.S. 426, 440 n.13 (2004) (noting that "the proper respondent [in a § 2241 habeas action] is the person responsible for maintaining...the custody of the prisoner."); *see e.g. David v. Venegas*, No. 1:25-cv-00136, Dkt. No. 7 at 1–2 (S.D. Tex. 2025) (Torteya, J.) (directing the Clerk of Court to substitute Venegas for El Valle Detention Facility as the proper respondent in a § 2241 habeas action).

It is **ORDERED** that Venegas has **20 days** from the service of the § 2241 petition to state why the writ of habeas corpus should not issue. If Sadat chooses to file a reply or other response to the Venegas's response, he must do so within **15 days** of receiving the Venegas's response. If Venegas is no longer the custodial officer for El Valle, the Government shall inform the Court of who is the proper respondent.

**SO ORDERED.**

SIGNED on this **13th** day of **January, 2026**, at Brownsville, Texas.

Ignacio Torteya, III
United States Magistrate Judge

2/2